UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JENNIFER L. PERSIN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:20-CV-447-JEM |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner | ) | |
| of the Social Security Administration, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Jennifer L. Persin on December 7, 2020, and Plaintiff's Brief [DE 19], filed September 20, 2021. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On November 1, 2021, the Commissioner filed a response, and Plaintiff filed her reply on November 16, 2021. For the following reasons, the Court remands the Commissioner's decision.

**I.    Background**

On January 17, 2018, Plaintiff filed an application for benefits alleging that she became disabled on September 1, 2015. Plaintiff's application was denied initially and upon consideration. On January 15, 2020, Administrative Law Judge ("ALJ") James E. MacDonald held a hearing at which Plaintiff, along with an attorney and a vocational expert ("VE"), testified. On February 21, 2020, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.  The claimant meets the insured status requirements through December 31, 2021.

2.  The claimant has not engaged in substantial gainful activity since

1

       September 1, 2015, the alleged onset date.

3.     The claimant has the following severe impairments: cervical and lumbar spine disorder and migraine headaches.

4.     The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5.     The claimant has the residual functional capacity to perform light work except claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently. The claimant can stand/walk for 6 hours in an eight-hour workday and sit for 6 hours in an eight-hour workday, with normal breaks. The claimant can never climb ladders, ropes, or scaffolds. The claimant can occasionally climb ramps and stairs. The claimant can occasionally balance, stoop, crouch, and crawl. The claimant should have no exposure to vibration. The claimant is limited to a moderate noise environment. The claimant should have no exposure to unprotected heights or moving mechanical parts. The claimant is limited to no overhead reaching with the bilateral upper extremities. The claimant is limited to no pushing, no pulling, and no kneeling. The claimant must be permitted to turn at the hips to view from side to side rather than at the head and neck. The claimant would work best in a position where work is in front, such as at a desk, table or workbench.

6.     The claimant is incapable of performing past relevant work.

7.     The claimant was a younger individual age 18-49 on the application date.

8.     The claimant has at least a high school education and is able to communicate in English.

9.     Transferability of job skills is not an issue because the claimant is not disabled.

10.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11.     The claimant has not been under a disability, as defined in the Social Security Act, from September 1, 2015, through the date of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 7]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.    Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence, or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court

may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2014). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ erred by failing to explain with sufficient particularity his analysis of the supportability and consistency factors when articulating how persuasive he found the various medical opinions. The Defendant argues that the ALJ properly applied the factors to the medical opinion evidence.

The ALJ was required to analyze a number of factors when determining the weight to give to medical opinions in the record and to thoroughly explain the weight given the opinions. The most important factors are the relevance of the medical evidence and explanations used to support the medical opinions and the consistency of the medical evidence with other medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(b)(2), (c)(1)-(2); 416.920c(b)(2), (c)(1)-(2).

The ALJ concluded that the opinion of Plaintiff's treating neurologist was unpersuasive as

4

"inconsistent with the overall medical evidence of record, as well as the doctor's own records that make no reports of attention/concentration issues or significant neurological deficits." AR 31. Instead, the ALJ found the non-treating consultative medical opinions persuasive since they performed the functional capacity assessment. Plaintiff argues that the ALJ's "single sentence rejection" of the treating neurologist is insufficient. The ALJ failed to explain how Dr. Cristea's completion of the headache questionnaire indicating that Plaintiff's headaches "frequently interfere with her attention and concentration" was inconsistent with Plaintiff's medical records indicating Plaintiff "has a longstanding treatment history for low back and neck pain, as well as migraine headaches" which the ALJ also found. AR 29. Dr. Cristea's records contain numerous reports of headaches, lasting multiple days, and accompanied by photosensitivity, visual disturbances, mental confusion/inability to concentrate, mood change, and nausea. *See, e.g.*, AR 1379-1381 and 1569-1571.

The ALJ also did not explain how Plaintiff's migraines or problems with concentration were incorporated into the RFC, other than climbing and noise restrictions. The medical records, including those summarized by the ALJ, include repeated complaints of migraines. "Although [] impairments may not on their own be disabling, that would only justify discounting their severity, not ignoring them altogether. Moreover, . . . an ALJ must consider the combined effects of all of the claimant's impairments, even those that would not be considered severe in isolation." *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009); *see also Martinez v. Astrue* , 630 F.3d 693, 698 (7th Cir. 2011) ("Even if each problem assessed separately were less serious than the evidence indicates, the combination of them might be disabling."); *Getch v. Astrue*, 539 F.3d 473, 483 (7th Cir. 2008) ("[A]n ALJ is required to consider the aggregate effects of a claimant's impairments, including impairments that, in isolation, are not severe.") (citing 20 C.F.R. § 404.1523); *Golembiewski v.*

*Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003)). In this case, the ALJ's summary of Plaintiff's medical records included reference to migraines. However, the ALJ barely discussed them and did not explain either why he discounted them or, if he did not, how he incorporated their limiting effects into the RFC. Even though the migraines may not themselves be disabling, photosensitivity, mood changes, loss of concentration, and nausea could obviously affect Plaintiff's capacity for work. Despite that, the ALJ's opinion does not include any discussion of their limiting effects, either as part of the RFC or to describe why he completely discounted them, and this omission is an error. *See Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) ("A decision denying benefits need not discuss every piece of evidence, but if it lacks an adequate discussion of the issues, it will be remanded."); *Golembiewski*, 322 F.3d at 917 ("[T]he ALJ may not ignore an entire line of evidence that is contrary to the ruling."). Although the ALJ need not specifically include every limitation alleged by Plaintiff in the RFC, he must consider the combination of impairments, and explain how he incorporated all of symptoms and limitations into the RFC. "In determining an individual's RFC, the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009) (citing SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996)); *Golembiewski*, 322 F.3d at 917). This the ALJ failed to do, and this case must be remanded for a new RFC that incorporates all of Plaintiff's limitations, including an explanation of how the limitations from each of her impairments, alone and in combination, are accommodated in the RFC.

However, Plaintiff's migraine complaints were recognized by her neurologist, and she was prescribed medication and physical therapy in an attempt to address them. Having recited this medical evidence and making no other findings specific to Plaintiff's headache complaints, the ALJ failed to build a logical bridge to his conclusion that the complaints were exaggerated. *Smith v.*

*Astrue*, 467 F. App'x 507, 511 (7th Cir. 2012) (remanding where the ALJ's opinion "tick[ed] off certain medical evidence, but did not "specify how the evidence undermines [the plaintiff's] credibility"); *Moore*, 743 F.3d at 1125 (reversing where the ALJ's decision "rests upon a skewed portrayal of the evidence that ignores extensive evidence of chronic debilitating migraines, including recognition of that problem by all treating physicians").

Nor did the ALJ explain how he concluded that the restriction of no loud noises and height hazard limitations would "accommodate" the limitations caused by the headaches. It was not clear whether this restriction was intended to ameliorate existing symptoms or prevent further symptoms. Because the ALJ failed to explain why Plaintiff's allegations were inconsistent with the evidence and failed to show how the limitations in the RFC addressed the underlying severe impairment, remand is required.

Plaintiff also argues that the ALJ improperly analyzed her subjective statements. The ALJ concluded that the "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 30. An ALJ is not required to give full credit to every statement of pain made by the claimant or to find a disability each time a claimant states he or she is unable to work, but "must 'consider the entire case record and give specific reasons for the weight given to the individual's statements.'" *Shideler v. Astrue*, 688 F.3d 306, 311 (7th Cir. 2012) (quoting *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009)). The Commissioner argues that the ALJ properly considered Plaintiff's subjective symptom testimony.

The ALJ concluded that although Plaintiff's impairments could cause the symptoms, her statement about the intensity and limiting effects of them were "not entirely consistent with the medical evidence." TR. 30. However, he failed to address how Plaintiff's course of treatment over years were not consistent with her complaints of symptoms, particularly in light of the consistent medical notes regarding the symptoms. The ALJ instead relied on the fact that Plaintiff had shown some positive response to treatment. Although Plaintiff may have responded to treatment, "there can be a great distance between a patient who responds to treatment and one who is able to enter the workforce. . ." *Scott v. Astrue*, 647 F.3d 734, 739-40 (7th Cir. 2011). The ALJ's summary of portions of the medical record, without analysis or description of how that medical evidence supported Plaintiff's claimed limitations, and discounting of all medical source statements and testimony describing Plaintiff's actual work-related physical limitations, leaves the Court unable to determine what the ALJ based his opinion on. *See Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) ("[T]he ALJ identified pieces of evidence in the record that supported her conclusion that [the plaintiff] was not disabled, but she ignored related evidence that undermined her conclusion. This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence'"); *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding.").

This matter is being remanded for reconsideration of Plaintiff's RFC with respect to work-related limitations caused by Plaintiff's migraines and related health difficulties, as described above. On remand, the ALJ is reminded of the need to thoroughly analyze the medical evidence and personal testimony in the record, particularly statements relating to Plaintiff's ability to perform work-related activity, and to thoroughly explain how claimed limitations are either incorporated

into the RFC or found to be unsupported. The ALJ must also analyze Plaintiff's subjective complaints in the manner prescribed by SSR 16-3p, explaining which symptoms he or she finds consistent or inconsistent with the evidence, and is reminded that a claimant's complaints of pain cannot be dismissed solely because objective tests do not confirm them. *Villano*, 556 F.3d at 562.

### IV.   Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief [DE 19] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 10th day of August, 2022.

        s/ John E. Martin
        MAGISTRATE JUDGE JOHN E. MARTIN
        UNITED STATES DISTRICT COURT

cc:  All counsel of record